AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| United States of America<br>v.<br>DOMINIC J. PAVIA<br>*Defendant* | ) ) ) ) ) | Case No. 4:14-CR-372 JAR/DDN |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

- ☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
- ☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

- ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  - ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  - ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  - ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  - ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  - ☐ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; ***and***
- ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***
- ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***
- ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☐ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☐ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☑ Lack of stable employment
- ☑ Lack of stable residence
- ☐ Lack of financially responsible sureties

- ☑ Lack of significant community or family ties to this district
- ☑ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☑ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The Government charged Defendant in 2014 with a violation of 18 U.S.C. § 2252(a) (receipt of child pornography). At the time the Government filed the indictment, the Government moved for Defendant's detention on the grounds of: (1) presumption of detention; and (2) danger to the community.

The Court held a hearing. Defendant appeared with his counsel. The Government appeared through an assistant United States attorney. A Pretrial Services officer also appeared. The Pretrial Services Report was filed following the hearing. The Court permitted the parties time to file a response. The Government filed a "Supplement Concerning Pretrial Release and Request to Withdraw Motion for Pretrial Detention" [ECF No. 23]. Defendant filed a "Response to Pretrial Services Report and Memorandum in Support of Bond" [ECF No. 24]. The Court adopts the Report and incorporates it herein. The Pretrial Services officer recommended detention.

At the hearing, the Government proffered the following in support of detention: Defendant is subject to a presumption of detention. Defendant did not return to the United States for nearly ten years despite being aware that a federal indictment was pending. Defendant was a law student when he was initially arrested. In the Government's request to withdraw its motion for detention, following the hearing, the Government stated, in relevant part, as follows: The assistant United States attorney was unaware that the Government had filed a motion for pretrial detention. The assistant United States attorney represented to defense counsel that he would recommend a bond if Defendant surrendered in St. Louis, Missouri. Defendant instead flew to Detroit, Michigan from the Philippines. The Government claims it is "obligated to uphold representations made ... to defense counsel ... that is, a recommendation for bond as to the defendant."

Defense counsel proffered the following in support of release: Defendant voluntarily surrendered. Defendant did not know charges had been filed. Defendant has no criminal history. Defendant is a 2011 graduate of Washington University Law School. When Defendant left the country, charges had not been filed. Defendant can live with his parents. In Defendant's "Response to Pretrial Services Report," he states, in relevant part, as follows: Defendant would reside with his parents in Champaign, Illinois. Defendant's father is an attorney. Before leaving the United States, Defendant underwent treatment for sex addiction. Defendant returned to St. Louis to "face" this case. Defendant's passport has been seized. Defendant has "significant financial liability in the form of student loans but no assets...." Defendant's primary reason for seeking bond is to see his parents, whom he has not seen in ten years.

CONTINUE ON NEXT PAGE

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 02/06/2023

United States Magistrate Judge

The Pretrial Services officer proffered the following at the hearing in support of detention: Defendant has travelled to Asia to avoid facing charges in this District. The Report provided the following information, in relevant part: Defendant is 40 years old. Defendant grew up in Illinois and resided in St. Louis between 2008 and 2013 to attend school. Since 2013, Defendant has lived in China, Thailand, Cambodia, and the Philippines. Defendant was arrested in 2011 after a search of Defendant's computer revealed multiple child pornography images and video and was aware that charges were a possibility. Defendant has known of this indictment since 2014. Defendant was unable to renew his visa in China in the summer of 2022 and his U.S. Passport expires in September 2023. Prior to leaving the United States in 2013, Defendant resided with his parents in Illinois. The parents were aware that Defendant was residing in China. Defendant and his parents communicated through e-mail and Skype while Defendant resided in China. Defendant recently shipped his computer from China to his parents. Defendant is currently unemployed. While in China, Defendant taught English to children and adults. Defendant obtained his law degree in 2011.

Based on the proffers of counsel, and the Pretrial Services officer's Report and recommendation, the Court concludes that Defendant failed to rebut the presumption of detention. In particular, Defendant was a law school graduate at the time of his arrest and indictment and left the United States for China with the knowledge that his arrest in St. Louis County would likely result in charges. Defendant was admittedly aware in 2014 that he was under federal indictment for child pornography. Defendant declined to return to the United States for nearly nine years. Defendant's parents, with whom. he proposes to reside also were aware of Defendant's indictment throughout the time Defendant resided in China and multiple Asian countries. Based, among other things, upon Defendant's history of fleeing the United States following his arrest, and his knowledge of his federal indictment during the time he was out of the United States, the Court concludes, pursuant to 18 U.S.C. § 3142(f)(2)(A), that the record reflects clear and convincing evidence supporting a determination that there is a serious risk that Defendant will flee. Moreover, there are no conditions or combination of conditions that will reasonably assure Defendant's appearance and the safety of the community. Accordingly, the Court orders Defendant detained pending trial.