**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**AT ST. LOUIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:14-cr-00372 |
| DOMINIC PAVIA, | ) | |
| Defendant. | ) | |

**DEFENDANT DOMINIC PAVIA'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

Defendant Dominic Pavia hereby asserts the following objections to the Presentence Investigation Report:

1. Under Identifying Data on Page 2, Mr. Pavia notes that he does not have a Master's Degree. He does, however, have a Juris Doctor degree.

2. In ¶ 18, Mr. Pavia does not know the correct number of image and video files, nor the names of the files. Mr. Pavia concedes there were more than 600 files.

3. In ¶ 24, Mr. Pavia has no knowledge of any victim impact statements and has not received copies of any such statements.

4. Regarding ¶¶ 27-32, Mr. Pavia has no knowledge of any requests for restitution and has not received copies of any such requests.

5. In ¶ 35, Mr. Pavia objects to the use of the 2023 Guidelines Manual to compute his sentence. The dates of the offense to which he pleaded guilty were in 2010 and 2011, so the Plea Agreement called for the application of the 2011 Sentencing Guidelines. Although § 1B1.11(a) of the Sentencing Guidelines states, "The court shall

use the Guidelines Manual in effect on the date that the defendant is sentenced," § 1B1.11(b)(1) requires the use of the Guidelines Manual in effect on the date that the offense of conviction was committed, if using the Guidelines Manual in effect on the date that the defendant is sentenced would violate the Ex Post Facto Clause of the United States Constitution. Based on what is known to counsel at this time, the Total Offense Level in this case is the same, whether it is computed based on the 2011 Guidelines Manual or the 2023 Guidelines Manual. Nonetheless, Mr. Pavia wishes to preserve this objection, in the event that evidence is adduced at the Sentencing Hearing that may produce different computations under the 2011 and 2023 Guidelines Manuals.

6. In ¶ 38. Mr. Pavia objects to the addition of two points for knowingly engaging in distribution. Mr. Pavia submits that no points should be added, as he did not knowingly engage in distribution.

7. In ¶ 49, Mr. Pavia objects to the Total Offense Level of 30. Mr. Pavia submits that the correct Total Offense Legal is 28.

8. In ¶ 81, Mr. Pavia estimates that he has significantly more than $100,000 in student loan debt – not $2,858.00.

9. Mr. Pavia objects to ¶ 83. The maximum sentence for this offense is a term of imprisonment of 10 years – not 20 years. The mistake arises because the Pre-Trial Services Office used the current version of 18 U.S.C. § 2252A. But under the 2011 version, the maximum sentence is 10 years. *See* 18 U.S.C. § 2252A(b)(2) (https://www.govinfo.gov/content/pkg/USCODE-2011-title18/pdf/USCODE-2011-title18.pdf at 487) ("Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both . . . .").

With respect to the range of punishment, the Court must apply the 2011 version of the statute because increasing the range of punishment after the offense was committed would violate the Ex Post Facto Clause. *See Calder v. Bull*, 3 U.S. 386, 390 (1798) (holding that "[e]very law that changes the punishment, and inflicts a greater punishment than the law annexed to the crime, when committed" is a violation of the Ex Post Facto Clause.).

Respectfully submitted,

/s/ W. Scott Rose
W. Scott Rose, #61587
ROSE LEGAL SERVICES, LLC
3870 S Lindbergh Blvd, Ste 130
St Louis, MO 63127
(314) 462-0200
wsrose@roselegalservices.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of February 2024, a true and correct copy of the foregoing was served through the Court's electronic filing system or via first-class mail to each of the following:

Ms. Dianna Collins
Office of the United States Attorney
111 S 10th St, 20th Fl
St Louis, MO 63102
*Attorney for the United States of America*

/s/ W. Scott Rose
W. Scott Rose