**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**AT ST. LOUIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cr-00372 |
| | ) | |
| DOMINIC PAVIA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DOMINIC PAVIA'S NOTICE OF INTENT TO SEEK SENTENCE BELOW THE SENTENCING GUIDELINES RANGE**

Defendant Dominic Pavia hereby gives notice of his intent to seek a sentence below the Sentencing Guidelines range. As grounds, Mr. Pavia would show as follows:

1. Mr. Pavia has no other criminal history, before or since the instant offense.

2. He sought treatment after his arrest for this offense, including the completion of a 12-step program related to sexual behavior. This is confirmed with a letter from Dr. Jack L. Croughan dated January 27, 2012, attached hereto as Exhibit A, and a letter from Dr. Michael T. Armour dated June 18, 2012, attached hereto as Exhibit B. Mr. Pavia's treatment included group meetings, as well as individual counseling with Mr. Patrick Fleming.

3. Mr. Pavia is at low risk of re-offending or committing additional offenses. Specifically, after conducting a full assessment, Dr. Armour concluded as follows: "Current assessment results indicate that Mr. Pavia is a good candidate for further treatment of his emotional issues and his sexual preoccupation. As opined, he currently is not at significant risk to sexually or otherwise harm others."

4. Regardless of the sentence, Mr. Pavia's conduct has already had a catastrophic effect on his life, including the denial of his admission to the bar (even though he had already graduated law school and passed the bar exam), the end of what was supposed to have been a lifelong relationship, the destruction of almost every relationship in his life, and the heartbreak of his parents. In short, Mr. Pavia's life has turned out completely differently than he planned and hoped – and all because of this case. Mr. Pavia acknowledges that he has only himself to blame, and furthermore, he does not wish to minimize how his conduct has affected the victims. Nonetheless, Mr. Pavia respectfully requests that the Court, in determining his sentence, also consider these factors.

5. Mr. Pavia is exceptionally remorseful for his conduct.

6. Mr. Pavia hereby submits the following letters as additional support for his request:

a. An e-mail message from his father, Joseph Pavia, dated January 18, 2024, attached hereto as Exhibit C.

b. An e-mail message from his mother, Beatrice Pavia, dated January 18, 2024, attached hereto as Exhibit D.

c. An e-mail message from Ji Nancy, dated January 26, 2023, attached hereto as Exhibit E.

7. The Guidelines Range, as computed by the Government, would be at or even slightly above the 10-year statutory maximum for this offense. Mr. Pavia submits that a maximum (or near maximum) sentence would be inappropriate for someone with no criminal history. It would be further inappropriate for someone who sought and completed treatment for his behavior and is remorseful for his conduct.

8. The Guidelines Range, as computed by the Government, is disproportionate to the nature and circumstances of the offense, the history and characteristics of the Defendant, the seriousness of the offense, the need for adequate deterrence, and public safety. Likewise, the Guidelines Range, as computed by the Government, creates unwanted sentencing disparities among defendants.

9. Any other basis warranting a variance under fact and law, including (but not limited to) any basis in the plea agreement, Section 5H of the Sentencing Guidelines, Section 5K of the Sentencing Guidelines, the commentary in the Guidelines Manual, 18 U.S.C. § 3553(a), and *Kimbrough v. United States*, 552 U.S. 85 (2007) (policy disagreement with the Guidelines).

For these reasons, Mr. Pavia submits that a within-Guidelines sentence is greater than necessary to serve the objectives of sentencing. Accordingly, Mr. Pavia respectfully requests that the Court impose a sentence below the Sentencing Guidelines range.

Respectfully submitted,

/s/ W. Scott Rose
W. Scott Rose, #61587
ROSE LEGAL SERVICES, LLC
3870 S Lindbergh Blvd, Ste 130
St Louis, MO 63127
(314) 462-0200
wsrose@roselegalservices.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 14th day of February 2024, a true and correct copy of the foregoing was served through the Court's electronic filing system or via first-class mail to each of the following:

Ms. Dianna Collins
Office of the United States Attorney
111 S 10th St, 20th Fl
St Louis, MO 63102
*Attorney for the United States of America*

/s/ W. Scott Rose
W. Scott Rose