**Rachel McGuire**

| | |
|---|---|
| **From:** | Joe Pavia <joepavia1@outlook.com> |
| **Sent:** | Thursday, January 18, 2024 2:05 PM |
| **To:** | clientcare |
| **Cc:** | Bea's Gmail - Beatrice |
| **Subject:** | Father's statement in support of Dominic Pavia |

Father's statement in Support of Dominic Pavia

I am Joseph Pavia, Dominic Pavia's father. I'm 71 years old and a former attorney and assistant state's attorney in Illinois. My wife, Beatrice Pavia, and I have been together since we were 18 years of age. We raised two children, our daughter and our son, Dominic. I have Polycystic Kidney Disease, which has led to a kidney transplant and a number of hospitalizations, and I'm an insulin-dependent diabetic. I understand Dominic could be facing a decade in jail. I'm very concerned that I won't be alive when he's released.

I was a father who was actively involved in the raising of his children. At every opportunity my wife and I would visit Dominic's teachers and Boy Scout leaders. I can tell you that the adults in Nick's (Dominic's) life have always believed him to be a person of the highest moral character. Nick has always been kind, helpful, and quick to volunteer for necessary tasks. He was one of the few boys in his generation who earned the rank of Eagle Scout. Many events in Dominic's life testify to his good character. I will cite just two.

When we discovered Dominic was a frequent user of marijuana in high school, we got him involved with a counseling program (at the Pavilion in Champaign, IL) for youthful cannabis users. After some months in the program he began to participate as a student counselor in group sessions for the benefit of other students. He was trusted by the professionals to help make the program beneficial and meaningful for others.

While on a Boy Scout backpacking trip when he was a teen, they began to climb a very high and steep hill. It was the end of the day, and everyone was exhausted from carrying packs heavy with all that would be needed for several days in the wild. A younger scout began to cry and said he could not go any farther, but the troop was still a long way from the summit and their destination. Without saying a word, Nick went over to the exhausted boy and took the boy's pack off his back and added it to his own. Nick carried the two packs to their destination for more than an hour and collapsed on arrival. The scoutmaster called me to say he himself couldn't have done it and that he was never so impressed by the generosity of one of his scouts.

Yes, this is the same person who inexplicably gathered adult and child pornography. When he was arrested, he decided he had to do something to alter his life. He entered therapy with a psychologist and addressed whatever led him to gather such awful material.

It appears to me and his mother that Nick's therapy was successful. He has always maintained relationships with women his age both here and when he was abroad. During the pandemic he lived with a woman in China, and both my wife and I spoke to her via Zoom and the fondness of this woman, Nancy, for Nick was evident. Nancy wrote me a letter this past January which describes the man she knew in China. This letter is included, without any edits, following my signature. In China I have no doubt if Nick had gathered child pornography, it would have been discovered by the government and in all likelihood we would never have heard from him again. We conclude that for the last 10 years Dominic has not possessed child pornography.

It is important for us to bear in mind that Dominic has never created pornographic material or profited from it. He has also never paid for it. His crime is downloading it for free from the internet. Since he has undergone psychiatric therapy to deal with this problem and has not been involved with illegal pornography in the last 10 years and since the crime was an exception in a life that has often been exemplary, I urge the court to depart downward from the sentencing guidelines. When I think that the violent January 6 insurrectionists are often sentenced to a handful of years, it shocks the conscience to think the guidelines would lock up someone for a decade for possessing photos downloaded for free from the internet. Please understand, if my son had participated in making such pornography, or otherwise abused children, I would not seek to defend him in any way. In fact, I would be unable to forgive him. But I see a vast difference between those who abuse children and those who look at pictures they freely obtain from the internet. I respectfully ask that you impose a sentence on my son which is below the recommendation of the guidelines.

Thank you for your consideration, Your Honor.

Joseph Pavia